

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MANUEL DE LA TORRE-DURAN,<br><br>                          Petitioner,<br><br>v.<br><br>TODD BLANCHE, U.S. Attorney General, et al.,<br><br>                          Respondents. | Case No.:  26-CV-3129 JLS (MSB)<br><br>**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF Nos. 3, 9) |

Presently before the Court is Petitioner Luis Manuel De La Torre-Duran's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 9) and Motion for Temporary Restraining Order (ECF No. 3).  Also before the Court is Respondents' Return to Habeas Petition ("Ret.," ECF No. 11) and Petitioner's Traverse (ECF No. 12).  For the reasons set forth below, the Court **DENIES** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 9) and **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order (ECF No. 3).

## BACKGROUND

Petitioner is a native and citizen of Mexico who entered the United States on October 1, 2002, on a tourist visa.  Pet. at 2.  Petitioner overstayed his tourist visa and has

lived in the United States ever since.  *Id.*  Petitioner was convicted of several offenses in the State of Utah: alcohol/drug related reckless driving in 2006; violation of a protection order in 2022; and reckless driving and misdemeanor fraud in January of 2025.  Ret. at 2. On January 16, 2025, ICE issued a warrant for Petitioner's arrest and took him into custody. *Id.*  Petitioner was deemed removable under 8 U.S.C. § 1227(a)(1)(B), as an individual who was admitted to the United States and remained for a time longer than permitted by law (a visa overstay).  *Id.* (citing Ret., Ex. 3).  Petitioner was placed into removal proceedings under 8 U.S.C. § 1229a.  *Id.*

On September 8, 2025, Petitioner was given a Custody Redetermination Proceeding in front of an immigration judge ("IJ").  *Id.*  The IJ denied Petitioner's request for bond, finding that he had "not met his burden of demonstrating that he is not a danger to the community or a flight risk."  *Id.* (citing Ret., Ex. 4).  Petitioner waived his right to appeal. *Id.*  Petitioner then applied for Cancellation of Removal pursuant to 8 U.S.C. § 1229b(b)(1), which was denied on April 17, 2026.  *Id.* (citing Ret., Ex. 5).  Petitioner was ordered removed to Mexico.  *Id.*  On April 29, 2026, Petitioner appealed his removal order, and his appeal is still pending.  *Id.*

Petitioner has been in detention for almost a year and a half and nearly ten months have passed since his last bond hearing.  Traverse at 1.  Petitioner argues that due process requires that he receive another bond hearing.  *Id.*  Specifically, Petitioner argues that another hearing is required to address the fact that while he has been in detention Petitioner's fifteen-year-old son has been without a father and primary financial provider. *Id.* at 3.  Petitioner argues that he is the primary provider for his son and his wife—who was the complainant in one of his prior criminal convictions.  *Id.*  Petitioner also states that he is suffering a mental health crisis and has developed depression, anxiety, and major stress disorder due to his prolonged detention.  ECF No. 1 at 4.  Petitioner also claims that he is not receiving proper medical care for his heart condition, which in the past has required multiple open-heart surgeries and "constant treatment and appointments with cardiologist."  *Id.* at 2.

26-CV-3129 JLS (MSB)

Respondents argue that Petitioner is properly detained under 8 U.S.C. § 1226(a) and has already received a bond hearing. Ret. at 3. Respondents further argue that Petitioner failed to exhaust his administrative remedies as he did not appeal his September 2025 bond denial. *Id.* at 3–4.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention— federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

Petitioner argues that the Due Process Clause of the Fifth Amendment requires he receive another bond hearing due to his continued prolonged detention. Pet. at 3–6.

The Fifth Amendment guarantees that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (9th Cir. 2001). "[I]t is well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Due Process Clause generally "requires some kind of a hearing before the

State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

"District courts in the Ninth Circuit have applied the *Matthews v. Eldridge*, 424 U.S. 319 (1976), test when addressing due process where a petitioner has already been afforded at least one bond hearing." *Hernandez v. Bondi*, No. 26-CV-2676-JES-DDL, 2026 WL 1471891, at \*2 (S.D. Cal. May 26, 2026) (collecting cases); *see also Singh v. Barr*, 400 F. Supp. 3d 1005, 1020–21 (S.D. Cal. 2019) (applying *Matthews* to determine whether due process required a subsequent bond hearing after a year and two months since the petitioner's last hearing); *Henriquez v. Garland*, No. 23-CV-1025-AMO, 2023 WL 6226374, at \*3 (N.D. Cal. Sept. 25, 2023) ("The Court finds persuasive that when significant time has passed since a prior bond hearing, a petitioner may seek a second procedurally compliant bond hearing under *Matthews*.") (collecting cases).   Under *Matthews*, courts must consider: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Matthews*, 424 U.S. at 334–35.

Regarding the first factor, "it is indisputable that 'the private interest here is fundamental: freedom from imprisonment is at the core of the liberty protected by the Due Process Clause.'" *Hernandez*, 2026 WL 1471891, at \*2 (quoting *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017)).  The Ninth Circuit has cautioned that courts should not "overstate the strength of [Petitioner's] showing under the first *Matthews* factor." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1207 (9th Cir. 2022).  The Ninth Circuit also reasoned that in evaluating the private interests under the first factor, courts "cannot simply count [the petitioner's] months of detention and leave it at that." *Id.* at 1208.  Courts "must also consider the process he received during this time, the further process that was available to him, and the fact that his detention was prolonged due to his decision to challenge his

removal order." *Id.* Here, Petitioner's detention has become prolonged—nearly a year and a half in custody and ten months since his last bond hearing. Pet. at 2. Petitioner has received a bond hearing, which he did not appeal and does not challenge the validity of. *See* Ret. at 3–4. Petitioner is subject to an order of removal and has appealed this decision. *Id.* at 2. Considering the process already provided, the Court finds that this factor weighs slightly in favor of Petitioner. *See Hernandez*, 2026 WL 1471891, at *2; *Singh*, 400 F. Supp. 3d at 1021 (finding this factor weighed in favor of the petitioner based on thirteen months of detention since his last hearing) (collecting cases).

Considering the second factor, "where a noncitizen has been afforded some process, 'the risk of an erroneous deprivation of his liberty interest and the value of additional procedures is very low unless he can demonstrate a material change in circumstances since his last bond hearing.'" *Hernandez*, 2026 WL 1471891, at *3 (quoting *Rubin v. U.S. Immigr. & Customs Enf't*, No. 24-CV-260-TL-TLF, 2024 WL 3431914, at *8 (W.D. Wash. June 28, 2024)). Here, Plaintiff argues that in the ten months since his last bond hearing, his fifteen-year-old child and wife have been struggling financially as he is the primary provider. Traverse at 3. Petitioner, in his *pro se* initial Complaint, also discusses his deteriorating mental health and inadequate access to healthcare. ECF No. 1 at 2, 4. There is no evidence that this information was not available to the IJ during Petitioner's last bond hearing. While the length of Petitioner's detention tends to tip this factor in Petitioner's favor, Petitioner does not present any additional information demonstrating a material change in circumstances. Therefore, this factor weighs against Petitioner. *See Hernandez*, 2026 WL 1471891, at *3 (finding this factor weighed against the petitioner where he did not articulate any changed circumstances); *Mercado-Arechiga v. LaRose*, No. 26-CV-683-JES-DEB, 2026 WL 926901, at *6 (S.D. Cal. April 6, 2026) (same); *Espinoza v. Wofford*, No. 24-CV-1118-SAB-HC, 2025 WL 1556590, at *13 (E.D. Cal. June 2, 2025) (same).

As to the third factor, the government has a strong interest in enforcing the INA's statutory framework for detention of "noncitizens whom Congress has deemed pose a flight risk or danger to the community based on their offenses." *Rubin*, 2024 WL 3431914, at

26-CV-3129 JLS (MSB)

*7.  "[T]he Government interest at issue is the 'ability to detain [an immigrant detainee] *without providing him with another bond hearing*, not whether the government may continue to detain him."  *Henriquez*, 2023 WL 6226374, at *4 (quoting *Lopez Reyes v. Bonnar*, 362 F. Supp. 3d 762, 777 (N.D. Cal. 2019)).  This distinction implicates a lower interest than the government's immigration enforcement interest generally.  *See id.* (citing *Zerezghi v. U.S. Citizenship & Immigr. Servs.*, 955 F.3d 802, 810 (9th Cir. 2020)).  However, in the context of whether a second bond hearing is required, "the [g]overnment's interest is not meaningly diminished."  *Id.* (collecting citations).  "This interest may increase as a noncitizen's removal 'becomes more imminent.'"  *Id.* (quoting *Rodriguez Diaz*, 53 F.4th at 1208).  The Court finds that while, "generally courts have found that the cost of providing a bond hearing is relatively minimal," this factor weighs in favor of Respondents.  *Eliazar G.C. v. Wofford*, No. 24-CV-1032-EPG-HC, 2025 WL 711190, at *8 (E.D. Cal. March 5, 2025) (citations omitted).

Therefore, after weighing the *Matthews* factors, the Court finds that due process does not require ordering another bond hearing for Petitioner at this time.

**CONCLUSION**

Based on the foregoing, the Court **DENIES WITHOUT PREJUDICE** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 9) and **DENIES AS MOOT** Petitioner's Temporary Restraining Order (ECF No. 3).  If Petitioner can demonstrate changed circumstances at a later date, he may file an amended petition.  As this concludes the litigation in this matter, the Clerk **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  July 10, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-3129 JLS (MSB)